835 F.2d 530
 UNITED STATES of America, Plaintiff-Appellant,
v.
Adam M. STACY individually; d/b/a Rocky Hollow Coal Co.,
Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
4-A COAL COMPANY, INC., Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
Dennis C. STEVENS, Defendant-Appellee.
 Nos. 86-1675, 86-1679 and 86-3719.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Dec. 23, 1987.
 
 Edward R. Cohen, Civ. Div., U.S. Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., John P. Alderman, U.S. Atty., Roanoke, Va., Barbara L. Herwig, Katherine S. Gruenheck, Civ. Div., U.S. Dept. of Justice, Washington, D.C., on brief), for plaintiff-appellant.
 Linwood Theodore Wells, Jr., Richmond, Va., Thomas Ross Haggard, University of South Carolina School of Law, Columbia, S.C., for defendant-appellee.
 Before PHILLIPS and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Upon prevailing in three civil actions for money judgments, the United States sought to tax the clerk's regular filing fee as costs in each case. The United States is exempted from the payment of such filing fees, but the United States contends that it should be considered as having done so constructively. It relies upon the historical development of provisions for compensation of district court clerks.
 
 
 2
 The claims were disallowed in the district courts, and we affirm.
 
 
 3
 In this appeal, three separate cases were consolidated. In United States v. Stacy and in United States v. 4-A Coal Company the United States obtained judgments for the collection of civil penalties. In United States v. Stevens, it sought repayment of a student loan. In each case, it obtained a judgment for the amount for which it sued, plus taxable costs. Since each case was commenced without the payment of any filing fee, however, no filing fee was included in the allowable taxable costs.
 
 
 4
 The United States harks back to the early days of this Republic when district court clerks charged filing fees to private litigants and retained the fees collected as compensation for the clerk's services. That general scheme was altered by the Act of February 26, 1853, ch. 80, 10 Stat. 161. That statute fixed a minimum and a maximum amount for the clerk's compensation. If the fees collected by the clerk were less than the minimum, the United States paid the clerk the difference. If the fees collected by the clerk exceeded the maximum, he was required to pay the excess into the United States Treasury. That scheme was again altered by the Act of February 26, 1919, ch. 49, 40 Stat. 1182. Thereafter, the district court clerk was paid a fixed salary by the United States, and all of the filing fees collected by the clerk were required to be paid by the clerk into the Treasury. Though the United States may have commenced a civil action without the payment of a filing fee, the United States contends that it is solely responsible for the payment of the clerk's compensation and should be considered as having constructively paid filing fees, the original, historical source of the clerk's compensation.
 
 
 5
 We are unpersuaded, however. Unquestionably, the United States pays no filing fee as such, and its obligation to pay the clerk's salary does not vary with the number of civil actions filed by the United States. Its obligation of salary payment is the same whether it files no civil action or many. It is true that the United States now compensates district court clerks by salary payments in lieu of the initial scheme by which the clerk derived his compensation out of filing fees paid by private litigants. That may be of historical interest, but it does not follow that the United States has paid to the clerk a filing fee that never was assessed. Provision for the clerk's compensation has not been the obligation of private litigants for many years, and the losing party in a civil action brought by the United States should not be required to make partial reimbursement to the United States for the clerk's salary that is paid by the United States in any event.
 
 
 6
 AFFIRMED.